IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

SHALOLA SIMMONS, Individually and on behalf of the Statutory Wrongful Death Beneficiaries of Jeffrey Dale Simmons, Deceased  **PLAINTIFF**

v.                                              CIVIL ACTION NO. 4:19-CV-148-DMB-JMV

CVS MISSISSIPPI PHARMACY, LLC; and GRADY L. SAXTON, Pharmacist  **DEFENDANTS**

## **PROTECTIVE ORDER**

It is hereby ordered that the following restrictions and procedures shall apply to certain information, documents and excerpts from documents produced by the parties in this case:

1. Counsel for any party may designate any document, information contained in a document, information revealed in an interrogatory response or information revealed during a deposition as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL." Confidential information or documents may be referred to collectively as "confidential information."

2. Unless ordered by the Court, or otherwise provided for herein, the confidential information disclosed will be held and used by the person receiving such information solely for use in connection with the above-captioned action.

3. In the event a party challenges another party's confidential designation, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may thereafter seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that confidential information disclosed in this case is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of all confidential information disclosed, in accordance with applicable law and Court rules.

4. Information or documents designated as "Confidential" shall not be disclosed to any person, except:

a. The requesting party and counsel, including in-house counsel;

b. Employees of such counsel assigned to and necessary to assist in the litigation;

c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

d. Any person from whom testimony is taken or is to be taken in this case, except that such a person may only be shown that confidential information during and in preparation for his/her testimony and may not retain the confidential information; and

e. The Court, if authorized by court order after following the procedure in paragraph 8 below.

5. Prior to disclosing or displaying the confidential information to any person, counsel shall:

   a. inform the person of the confidential nature of the information or documents; and

   b. inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

6. The confidential information may be disclosed to and discussed with the persons identified in Paragraphs 4(c) and (d) only on the condition that prior to any such disclosure or discussion, each such person shall be asked to sign an agreement to be bound by this Order in the form attached hereto as Exhibit A. In the event such person refuses to sign an agreement in the form attached as Exhibit A, the party desiring to disclose the confidential information may seek appropriate relief from the Court.

7. The disclosure of a document or information without designating it as Confidential Information shall not constitute a waiver of the right to designate such document or information as Confidential Information provided that the material is designated pursuant to the procedures set forth herein no later than the latter of fourteen (14) days after the close of discovery or fourteen (14) days after the document or information's production. If so designated, the document or information shall

thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

8. Any party wishing to file any information designated as confidential must first file, pursuant to and in accordance with L.U.Civ.R. 79, a motion to file the information under seal. If the party moving to seal is the party to whom the information was produced, the party who designated the information as confidential must file a response, which must provide the Court with the basis for sealing the information and include the memorandum and proposed order required by L.U.Civ.R. 79. If the motion to seal is denied, the information may be filed without sealing. Notwithstanding anything to the contrary herein, any use or disclosure at trial of information designated as confidential will be determined by the trial judge.

9. At the conclusion of litigation, the confidential information and any copies thereof shall be promptly (and in no event later than thirty (30) days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, (to the extent commercially reasonable), except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain confidential.

The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to confidential information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Order. This Order may be enforced by either party and any violation may result in the imposition of sanctions by the Court.

    SO ORDERED this the 27th day of February, 2020.

    /s/ Jane M. Virden
    UNITED STATES MAGISTRATE JUDGE

The foregoing Agreed Protective Order has been reviewed and consented to by the following counsel of record

*/s/ Carson H. Thurman*
Stefan G. Bourn, MSB# 9794
Carson H. Thurman, MSB# 104871
**MARON MARVEL BRADLEY & ANDERSON LLC**
200 South Lamar Street
City Centre
Post Office Box 22803
Jackson, Mississippi 39225-2608
Telephone: 601-812-6630
Facsimile: 601-206-0119
cthurman@maronmarvel.com
sbourn@maronmarvel.com
*Counsel for Mississippi CVS Pharmacy, LLC*
*(incorrectly sued as CVS Mississippi Pharmacy, LLC)*
*and Grady L. Saxton*


Ellis Turnage, MSB# 8131
**Turnage Law Office**
P.O. Box 216
108 N. Pearman Ave.
Cleveland,. MS 38732
Telephone: 662-843-2811
Facsimile: 662-843-6133
eturnage@etlawms.com
*Counsel for Plaintiff and The Wrongful Death*
*Beneficiaries of Jeffrey Dale Simmons, Deceased*

# EXHIBIT A

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled _____ have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential in accordance with the Protective Order.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

_____           DATED: _____
Signed in the presence of:


_____
(Attorney)