IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**SHALOLA SIMMONS, individually**        **PLAINTIFF**
**and on behalf of the statutory wrongful**
**death beneficiaries of Jeffrey Dale**
**Simmons, deceased**

V.        **NO. 4:19-CV-148-DMB-JMV**

**MISSISSIPPI CVS PHARMACY,**
**L.L.C., et al.**        **DEFENDANTS**

## ORDER

Before the Court is Mississippi CVS Pharmacy, L.L.C.'s motion to dismiss Shalola Simmons' complaint. Doc. #7. For the reasons explained below, the motion will be granted in part and denied in part.

## I
## Procedural History

On October 1, 2019, Shalola Simmons, individually and on behalf of the statutory wrongful death beneficiaries of Jeffrey Dale Simmons, filed a complaint in the United States District Court for the Northern District of Mississippi against CVS Mississippi Pharmacy, LLC, and Grady L. Saxton, alleging that the defendants' failure to correctly fill a prescription for carvedilol caused Jeffrey's death. Doc. #1. On December 30, 2019,[1] the defendants filed a motion to dismiss. Doc. #7. The defendants filed an answer the same day which stated that "Mississippi CVS Pharmacy, LLC, [is] incorrectly named as CVS Mississippi Pharmacy, LLC." Doc. #9 at 1. Simmons responded to the motion to dismiss on January 16, 2020,[2] Doc. #14; the defendants did not reply.

---

[1] Simmons served CVS on December 9, 2019, Doc. #5 at 2, and Saxton on December 17, 2019, Doc. #6 at 2.

[2] Because the Court denied Simmons' request for an extension to file her response, Doc. #16, the January 16 response is untimely. In the interest of efficiency, however, the Court has considered its arguments.

At the direction of United States Magistrate Judge Jane M. Virden and with the parties' consent,[3] Simmons filed an amended complaint on February 13, 2020, against Mississippi CVS Pharmacy, L.L.C. ("CVS"), and Saxton. Doc. #22. The defendants answered the amended complaint on February 28, 2020. Doc. #30. On August 5, 2020, the parties filed a joint stipulation dismissing Saxton with prejudice. Doc. #47.

## II
## Standard of Review

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Moreover, a complaint will not be dismissed merely because it contains an imperfect statement of the legal theory supporting the claim asserted.

*Balle v. Nueces Cnty., Tex.*, 952 F.3d 552, 556 (5th Cir. 2017) (cleaned up). When a motion to dismiss is filed before an amended complaint but the amended complaint fails to cure the alleged defects, a court may consider the motion to dismiss with respect to the amended complaint. *See Dalfrey v. Boss Hoss Cycles, Inc.*, 456 F. App'x 329, 331 n.1 (5th Cir. 2011).

Here, the motion to dismiss was filed before the amended complaint but the amended complaint asserts the same claims alleged in the original complaint. The amended complaint merely cured deficiencies in the original complaint's jurisdictional allegations, and replaced all references to "CVS Mississippi Pharmacy, LLC" with the correct entity name of "Mississippi CVS Pharmacy, L.L.C." Under these circumstances, the Court will address the merits of the motion to dismiss.

## III
## Factual Allegations

On July 14, 2017, Jeffrey Dale Simmons had a prescription filled at the CVS pharmacy

---

[3] *See* Doc. #40.

store in Southaven, Mississippi. Doc. #22 at 1. The prescription, written by Dr. William Booker, was for carvedilol[4] 6.25 mg tablets. *Id.* at 1–2. Saxton, a pharmacist at the store, "incorrectly filled [Jeffrey's] prescription with carvedilol 25 mg" instead of the prescribed 6.25 mg dosage. *Id.* at 1–2. Jeffrey died on August 25, 2017, as a result of the incorrect prescription. *Id.* at 6, 7. Neither CVS nor Saxton informed Jeffrey of the error before his death, and did not inform his family of the error until fifteen days after his death.[5] *Id.* at 6.

## IV
## Analysis

Simmons asserts claims under the Mississippi Product Liability Act ("MPLA"), a wrongful death claim, entitlement to punitive damages, "survival claims of the decedent," and "pharmacy negligence" claims. Doc. #22 at 7–9. CVS contends that "[t]his is a medical negligence case," "not a products liability case," and asks the Court to dismiss the complaint because Simmons "failed to obtain the required expert consultation." Doc. #7 at 1, 2. CVS also asks the Court to dismiss Simmons' MPLA claims because Simmons "has not sued Defendants for the sale of a defective product or alleged that the subject medication is an inherently dangerous drug." *Id.*

### A. Statutory Compliance

CVS argues that "Simmons was required to adhere to Miss. Code Ann. § 11-1-58 prior to filing her Complaint" and that her failure to comply with the statute means "dismissal of her Complaint is required." Doc. #8 at 3.

Mississippi Code § 11-1-58[6] provides:

---

[4] Carvedilol is approved by the United States Food and Drug Administration and is used for the treatment of hypertension. Doc. #22 at 6.

[5] The medical records attached to the amended complaint, however, include an October 11, 2017, entry indicating that the pharmacy called the doctor's office on October 9, 2017, to inform the office that the prescription had been filled incorrectly. Doc. #22-4 at PageID #115.

[6] The parties' arguments assume Mississippi Code § 11-1-58 applies in federal diversity actions like this case. *See* Doc. #8 at 2; Doc. #15 at 3. Under *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938), "federal courts sitting in diversity

3

> In any action against a licensed physician, health care provider or health care practitioner for injuries or wrongful death arising out of the course of medical, surgical or other professional services where expert testimony is otherwise required by law, the complaint shall be accompanied by a certificate executed by the attorney for the plaintiff declaring that:
>
> > (a) The attorney has reviewed the facts of the case and has consulted with at least one (1) expert qualified pursuant to the Mississippi Rules of Civil Procedure and the Mississippi Rules of Evidence who is qualified to give expert testimony as to standard of care or negligence and who the attorney reasonably believes is knowledgeable in the relevant issues involved in the particular action, and that the attorney has concluded on the basis of such review and consultation that there is a reasonable basis for the commencement of such action.

Miss. Code. Ann. § 11-1-58(a). In analyzing the statute, the Mississippi Supreme Court has held that "a complaint, otherwise properly filed, may not be dismissed and need not be amended, simply because the plaintiff failed to attach a certificate or waiver." *Wimley v. Reid*, 991 So. 2d 135, 138 (Miss. 2008). A certificate filed after the complaint can satisfy the statute if the plaintiff's attorney consulted with an expert prior to filing the complaint. *Id.* at 139.

While Simmons did not file a certificate with the original complaint or prior to the motion to dismiss, she filed a certificate on January 16, 2020. Doc. #13. The certificate indicates that Simmons' attorney "consulted with a licensed, practicing cardiologist physician who is qualified as an expert … *prior* to the filing of this civil action." *Id.* at 1 (emphasis added). Thus, Simmons complied with the consultation requirement before filing the complaint such that dismissal for failure to comply with the statute is not warranted.[7]

---

apply state substantive law and federal procedural law." *Gasperini v. Ctr. For Humanities, Inc.*, 518 U.S. 415, 427 (1996). Based on its express language, § 11-1-58 deals with "substantive, pre-suit requirements." It seems likely the statute's pre-suit requirements would be deemed substantive. *See Woods v. Holy Cross Hosp.*, 591 F.2d 1164, 1168 (5th Cir. 1979) (pre-suit mediation requirement substantive for *Erie* analysis). The parties also assume that a pharmacy would be considered a "health care provider" under the statute. However, given that the Court ultimately concludes that the certificate requirement has been satisfied, neither question need be resolved.

[7] CVS relies on *Forest Hill Nursing Center & Long Term Care Mgmt., LLC v. Brister*, 992 So. 2d 1179 (Miss. 2008), to support its position. Doc. #8 at 4. However, in *Forest Hill*, dismissal of the complaint was proper because the plaintiff's attorney admitted to not consulting with an expert prior to commencing the lawsuit. 992 So. 2d at 1189

### B. Product Liability Claims

CVS argues that Simmons "pleads no claim for relief under the Product Liability Act" because "[t]his matter is governed by Mississippi's medical negligence statutory scheme … and does not fall under Mississippi's Product Liability Act." Doc. #8 at 6. CVS contends, without citation to Mississippi case law,[8] that "the Mississippi Supreme Court has conclusively established that claims against both pharmacies and pharmacists concerning alleged prescription mis-fills are medical negligence claims." *Id.* at 5. Simmons responds that her "implied-warranty claims" should be allowed to proceed because they "are not duplicative of already-pleaded manufacturing defect products liability claims." Doc. #15 at 6.

Simmons' argument is somewhat unclear but seems to be based on the assumption that it is proper to assert an implied warranty claim so long as the claim is not duplicative of a parallel products liability count. This is, as a general matter, true. *See Young v. Bristol-Myers Squibb Co.*, No. 4:16-cv-108, 2017 WL 706320, at *4 (N.D. Miss. Feb. 22, 2017). However, just because Simmons is *allowed* to plead an implied warranty claim, it does not mean that she has *adequately* pled such a claim so as to survive a motion to dismiss.

The elements of an implied-warranty claim are:

> (1) That a "merchant" sold "goods," and he was a merchant with respect to "goods of the kind" involved in the transaction, (2) which were not merchantable at the time of the sale, and (3) injuries and damages to the plaintiff or his property, (4) caused proximately and in fact by the defective nature of the goods, and (5) notice to the seller of the injury.

*McGinty v. Grand Casinos of Miss., Inc.-Biloxi*, 245 So. 3d 444, 449 (Miss. 2018). Thus, to succeed on an implied warranty claim, Simmons must have alleged that carvedilol was defective

---

("[I]t is not necessary to remand this case pursuant to *Wimley,* because the plaintiff's attorney in today's case admits that he did not consult an expert prior to commencing this lawsuit.").

[8] The only citation is to a Texas Supreme Court case.

or "not merchantable." By failing to include any such allegations here, Simmons has failed to state an implied warranty claim.

## V
## Conclusion

CVS' motion to dismiss [7] is **GRANTED in Part and DENIED in Part**. The motion is GRANTED to the extent it seeks dismissal of the MPLA claims. The motion is DENIED in all other respects.

**SO ORDERED**, this 14th day of September, 2020.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**